IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PAUL JULIAN MANEY**, | Case No. 6:13-cv-00981-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **KRISIN A. WINGES-YANEZ**, et al., | |
| Defendants. | |

Paul Julian Maney, SID No. 4598952, Oregon State Correctional Institution, 3405 Deer Park Drive S.E., Salem, OR 97310. Plaintiff *pro se*.

Ellen F. Rosenblum, Attorney General and Andrew Hallman, Assistant Attorney General, Department of Justice, 1162 Court Street N.E., Salem, OR 97301-4096. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Paul Julian Maney ("Maney" or "Plaintiff") brought a civil action pursuant to 42 U.S.C. § 1983 challenging the policies and practices of the Oregon Board of Parole and Post-Prison Supervision ("Board").[1] In 2007 and 2010, the Board conducted a "Rehabilitation"[2]

---

[1] The Court notes the high quality of Maney's pleadings and briefing on this motion and his legal research and analyses.

[2] Or. Rev. Stat. § 163.105 establishes that for prisoners convicted of aggravated murder, after they have served their minimum period of confinement the Board "shall hold a hearing to

PAGE 1 – OPINION AND ORDER

hearing evaluating Maney's eligibility for parole. Maney had another hearing scheduled for October 2013, which, upon Maney's request, the Board agreed to defer until after the resolution of this litigation. Maney asserts that the policies and procedures of the Board, some of which have been amended by retroactively applicable statutes and regulations, deprive of him of his due process rights, deprive him of his equal protection rights, deprive him of his statutory right to counsel, violate the *ex post facto* prohibition in the United States Constitution, and deprive Maney of his constitutional right to informational privacy. Maney seeks a declaration that the manner in which the Rehabilitation hearings are conducted violate his constitutional rights and he seeks significant injunctive relief that would (1) require the Board to provide Maney with an attorney without a fee cap; (2) require the Board to provide Maney with an independent psychological examination; and (3) set forth numerous specific requirements on how the Board shall conduct Maney's next Rehabilitation hearing.

Defendants originally moved to dismiss Plaintiff's claims on the grounds that the Court lacks jurisdiction under the *Younger*[3] and *Rooker-Feldman*[4] doctrines, claim preclusion bars Maney from asserting his claims, and his claims are barred by the statute of limitation. Dkt. 19. In his response to Defendants' motion to dismiss, Maney clarified that he is not asserting claims relating to his 2007 or 2010 Rehabilitation hearings, but that he is only asserting claims relating to the policies and procedures to be implemented in his currently-deferred Rehabilitation

---

determine if the prisoner is likely to be rehabilitated within a reasonable period of time" and establishes procedures for this hearing. If the Board determines a prisoner is capable of rehabilitation, the prisoner's sentence is changed to life with the possibility of parole and the Board may set a release date. The Court shall reference this type of hearing as a "Rehabilitation" hearing.

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

[4] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

PAGE 2 – OPINION AND ORDER

hearing. Defendants then abandoned their arguments based on *Rooker-Feldman*, the statute of limitations, and claim preclusion. Defendants maintain, however, that the Court lacks jurisdiction to hear Maney's claims because his claims are not ripe and because the Court must abstain from jurisdiction pursuant to the *Younger* doctrine. Because the Court finds that abstention under *Younger* is appropriate, Defendants' motion is granted.

## STANDARDS

### A. The Court's Review of *Pro Se* Filings

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### B. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for Lack of Jurisdiction

The federal courts are courts of limited jurisdiction. *Gunn v. Minton*, --- U.S. ---, 133 S. Ct. 1059, 1064 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside

this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted).

**BACKGROUND**

Maney was convicted of aggravated murder on November 6, 1981 and sentenced to life imprisonment without the possibility of parole for a minimum of 20 years. The Board is charged with making decisions about the rehabilitation and parole eligibility of inmates convicted of aggravated murder.

Pursuant to Or. Rev. Stat. § 163.105(2), after an inmate convicted of aggravated murder has served the minimum sentence, upon a petition by the prisoner the Board shall hold a Rehabilitation hearing. The sole issue at the hearing is "whether or not the prisoner is likely to be rehabilitated within a reasonable period of time." Or. Rev. Stat. § 163.105(2). At the hearing, the prisoner has burden of proving by a preponderance of the evidence the likelihood of rehabilitation within a reasonable time. *Id.* The prisoner has the right to an attorney, at board expense, and the right to subpoena evidence, both subject to Board rules and regulations. *Id.* The Board has established a regulation limiting the right to counsel paid for by the Board to a maximum of 10 hours and $1000. Or. Admin. R. 255-032-0025(1)(b).

At the time of Maney's conviction, Or. Rev. Stat. § 163.105 required that Rehabilitation hearings be conducted in the manner prescribed for a contested case hearing under Or. Rev. Stat. §§ 183.310 to 183.500. At that time, a finding of rehabilitation required only a majority vote of the Board. In 1984, the Oregon legislature amended § 163.105 to require a unanimous vote of all Board members for a finding of rehabilitation. This amendment was not expressly made retroactive by the Oregon legislature. The statute was also amended in 1987, 1989, 1991, 1995 and 1999, none of which were expressly made retroactive by the Oregon legislature. In 2007, § 163.105 was amended. One amendment was to eliminate the requirement that Rehabilitation proceedings be conducted in the manner of contested case proceedings. The Oregon legislature established that the 2007 amendments shall apply to hearings conducted on or after the effective

PAGE 5 – OPINION AND ORDER

date of the 2007 Act. After the effective date of the 2007 amendment, the Board no longer conducts Rehabilitation hearings in the manner of a contested case hearing, regardless of the date of conviction.

In the Rehabilitation hearing, the inmate bears the burden of proving certain "rehabilitation criteria," set forth in Or. Admin. R. 255-032-0020. One such criterion is that the inmate does not have a mental or emotional conditionr that would predispose the inmate to the commission of a crime so as to render the inmate a danger to the community. Or. Admin. R. 255-032-0020(8). Plaintiff is indigent and has continuously requested that the Board provide him with an independent psychologist during his Rehabilitation hearings. The Board has refused.

The Board has conducted four Rehabilitation hearings for Maney—in December 1997, October 2002, November 2007, and November 2010. After each hearing, the Board concluded that Maney did not satisfy his burden of proving the likelihood of rehabilitation within a reasonable time. As relevant here, Maney filed an appeal with the Oregon Court of Appeals, challenging the Board's 2007 decision and asserting that the Board violated Maney's due process rights by failing to provide him with an independent psychologist and by failing to disclose to Maney written evidence that was submitted for the hearing. Maney also asserted that there was not substantial evidence supporting the Board's conclusion regarding Maney's rehabilitation. The Oregon Court of Appeals affirmed the Board without opinion and Maney filed a petition for review before the Oregon Supreme Court. This petition is currently pending.

Maney similarly filed an appeal with the Oregon Court of Appeals, challenging the Board's 2010 decision and asserting that the Board violated Maney's due process rights by failing to provide him with an independent psychologist and that there was not substantial evidence supporting the Board's conclusion. This appeal is currently pending.

In December 2012, Maney requested another Rehabilitation hearing and requested it be conducted in the manner of a contested case, that the attorney fee cap be waived, and that he be provided with an independent psychologist. On December 18, 2012, the Board denied Maney's procedural requests, stating:

> Effective June 28, 2007, ORS 163.105 was amended to remove the requirement that hearings under that statute be conducted "in the manner prescribed for a contested case haring under ORS 183.310 to ORS 183.550" and to impose new procedural requirements. The Board will conduct the hearing in accordance with the legislative requirement.
>
> * * *
>
> The Board will not waive the attorney fee cap.
>
> The Board will not provide you funds for the purpose of obtaining an independent psychological examination.

Dkt. 38-1. The Board agreed to set a Rehabilitation hearing.

In January 2013, the Board scheduled Maney's Rehabilitation hearing for April 16, 2013. Maney requested a continuance, and the April 2013 hearing was rescheduled to October 15, 2013. Maney then requested that his hearing be deferred until the conclusion of this lawsuit, and the Board agreed.

## DISCUSSION

Defendants argue that this case should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the case is not ripe for adjudication and because the Court should decline jurisdiction under the *Younger* abstention doctrine. Both arguments are discussed in turn.

**A. Ripeness**

    **1. Standards**

"The Constitution mandates that prior to [a federal court's] exercise of jurisdiction there exist a constitutional case or controversy, that the issues presented are definite and concrete, not hypothetical or abstract." *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 835 (9th Cir. 2012). "The ripeness doctrine seeks to identify those matters that are premature for judicial review because the injury at issue is speculative, or may never occur." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 838 (9th Cir. 2014). For a court to adjudicate constitutional issues, there must be concrete legal issues, which "require more than mere 'hypothetical threat[s],' [] where we can 'only speculate' as to the specific activities in which a party seeks to engage. . . ." *Id.* at 838-39 (first alteration in original) (quoting *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 90 (1947)). "Through avoidance of premature adjudication, the ripeness doctrine prevents courts from becoming entangled in abstract disagreements." *Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010) (quotation marks and citation omitted).

    **2. Analysis**

Here, Maney is eligible for another Rehabilitation hearing and had one scheduled for April 13, 2013, which, upon Maney's request, was rescheduled to October 15, 2013, and then, again upon Maney's request, was deferred until the resolution of this litigation. In the Board's communications with Maney regarding this upcoming Rehabilitation hearing, the Board stated that it will not provide Maney funds to pay for an independent psychologist and that it will not waive the attorney fee cap for Maney's hearing counsel. Maney also alleges that the Board maintains a policy and practice of (1) not conducting Rehabilitation hearings in the manner of a contested case, (2) refusing to administer oaths and affirmations to witnesses, (3) refusing to

PAGE 8 – OPINION AND ORDER

allow cross-examination of prosecution witnesses, and (4) refusing to inform prisoners of the substance or content of written evidence against the prisoner submitted for Rehabilitation hearings. It is the failure to provide Maney an independent psychologist, the failure to waive the attorney fee cap, and the hearing procedures that Maney alleges violate his constitutional and statutory rights. Maney is seeking declaratory and injunctive relief to ensure that his upcoming Rehabilitation hearing is conducted in a manner that does not violate his constitutional rights.

The harm alleged by Maney is not a mere "hypothetical threat" that "may never occur." The facts in this case show that although Maney will have a Rehabilitation hearing, it will not be conducted in the manner of a contested case hearing, Maney will not have an independent psychologist paid for by the Board to evaluate him for this hearing, and the Board will not waive the cap on attorney's fees for this hearing. None of these facts are speculative or uncertain. The issue in deciding ripeness is whether the harm and conduct alleged is so speculative and uncertain that it is not ripe for adjudication. Based on Maney allegations, the evidence in the record, and the admissions by Defendants, the Court finds that this case is ripe for adjudication.

Additionally, where a plaintiff has previously suffered the injury he or she wishes to challenge, the question is whether there is a realistic likelihood that the challenged future conduct will, in fact, recur and harm the plaintiff. *See Los Angeles v. Lyons*, 461 U.S. 95, 107 (1983). Here, there is little doubt that the challenged conduct will recur, because the Board has agreed to conduct another Rehabilitation hearing but has denied Maney's requests as to how that hearing should be conducted in the same manner in which the Board denied Maney's requests relating to his 2007 and 2010 hearings.

Further, this is a declaratory judgment action. In a declaratory judgment action, "the question in each case is whether the facts alleged, under all the circumstances, show that there is

a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). There is such a controversy here—Maney alleges that the procedures followed by the Board in Rehabilitation hearings violate Maney's rights and he will soon have another Rehabilitation hearing. Defendants' argument that Maney's claims for adjudication cannot be ripe until after the Rehabilitation hearing is conducted in an allegedly unlawful manner and that Maney's only option is to file a lawsuit after the hearing has concluded ignores the standards for declaratory relief. Accordingly, Defendants motion to dismiss based on ripeness is denied.

## B. *Younger* Abstention

### 1. Standards

*Younger* and its progeny are based on the interests of comity, federalism, and economy that counsel federal courts to maintain respect for state functions and not unduly interfere with certain ongoing state proceedings. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989). *Younger* abstention applies where there are ongoing state criminal proceedings, civil enforcement proceedings, and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans*, 491 U.S. at 368. It also applies to actions seeking declaratory and injunctive relief. *Hirsh v. Justices of the Sup. Ct. of the State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995).

*Younger* abstention and the requirements for its application have been explained by the United States Court of Appeals for the Ninth Circuit as follows:

> *Younger* abstention is a "circumscribed exception to mandatory federal jurisdiction," which applies when there is a pending state proceeding that implicates important state interests and provides

PAGE 10 – OPINION AND ORDER

> the federal plaintiff with an opportunity to raise federal claims. If the circumstances giving rise to *Younger* abstention apply, the district court must dismiss the action.
>
> As a threshold matter, for *Younger* abstention to apply, the federal relief sought must interfere in some manner with the state litigation. Next, in determining whether abstention is proper, the court must examine:
>
> (1) The nature of the state proceedings in order to determine whether the proceedings implicate important state interests, (2) the timing of the request for federal relief in order to determine whether there are ongoing state proceedings, and (3) the ability of the federal plaintiff to litigate its federal constitutional claims in state proceedings.
>
> Finally, an exception to abstention applies if the state proceedings demonstrate "bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate."

*Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003) (citations omitted).

The burden to prove that a federal plaintiff did not have the ability to present his or her federal claim in the state proceedings rests on the federal plaintiff. *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). A federal plaintiff is considered not to have an opportunity to litigate his or her federal claim "only when state procedural law *bars* presentation of the federal claims." *Hirsh*, 67 F.3d at 713 (emphasis in original); *see also Pennzoil*, 481 U.S. at 15 (holding that federal plaintiff must show "that state procedural law barred presentation of its claims" to show that state judicial review is inadequate).

### 2. Analysis

#### a. Whether this federal lawsuit will interfere with an ongoing state proceeding

The parties do not dispute that there are two ongoing state proceedings—the appeal of the Board's final order relating to Maney's 2007 Rehabilitation hearing before the Oregon Supreme Court and the appeal of the Board's final order relating Maney's 2010 Rehabilitation hearing

before the Oregon Court of Appeals. Maney argues, however, that those state proceedings are unrelated to this federal lawsuit because the state proceedings involve claims arising from Maney's past Rehabilitation hearings and the federal lawsuit involves claims relating to Maney's future Rehabilitation hearing. Maney's argument is unavailing.

In his appeal of both the 2007 and 2010 Rehabilitation hearings, Maney asserts, among other arguments, that the Board violated Maney's due process rights by failing to provide Maney with an independent psychologist. In his appeal of the 2007 Rehabilitation hearing Maney also asserts that the Board violated Maney's due process and statutory rights by failing to disclose the substance or content of written evidence submitted in the Rehabilitation hearing. The remedy Maney seeks in the pending state court proceedings is a new Rehabilitation hearing in which the Board provides Maney with an independent psychologist and discloses to Maney the written evidence submitted for the hearing. Maney raises those same claims, among others, in this case, and seeks the same relief in this Court for those claims as he does in the state proceedings.

If this Court were to proceed with this case, any decision by this Court as to whether the Board's failure to appoint an independent psychologist to evaluate Maney and failure to disclose written evidence submitted for the Rehabilitation hearing violate Maney's rights would interfere with the ongoing state proceedings because those are some of the same questions that the state proceedings are resolving. Maney is challenging those aspects of the Board's procedures in state court, and the practical effect of litigating this case in federal court would be to enjoin the state proceedings deciding those same constitutional issues.[5] *See Sopher v. Wash.*, 2008 WL 4793173, at *11 (D. Or. Oct. 30, 2008) (applying *Younger* abstention to refuse to hear constitutional

---

[5] The fact that Maney raises additional constitutional challenges in this case that were not raised in the state proceedings does not foreclose the application of *Younger* abstention, as discussed further below.

PAGE 12 – OPINION AND ORDER

challenges to a Board decision where state court proceedings challenging that decision were ongoing); *McClure v. Baker*, 2008 WL 268361, at *1 (D. Or. Jan. 29, 2008) (same). Thus, the Court proceeds to analyze the three *Younger* factors.

### b. Whether this case implicates an important state interest

Whether a convicted murderer is eligible for parole and may be released from prison implicates an important state interest. Oregon has a significant interest in "proceedings that bear a close relationship to proceedings criminal in nature" and in "proceedings that are necessary for the functioning of the state judicial system." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Additionally, establishing and enforcing parole conditions are important states interest. *See Rushion v. Fuller*, 2013 WL 5406602, at *4 (E.D.N.Y. Sept. 25, 2013); *Cortijo v. Alt*, 2007 WL 87629, at *4 (D.N.J. Jan. 9, 2007).

### c. The timing of the state and federal cases

The two state proceedings were filed well before this action and for purposes of *Younger* abstention are considered ongoing at the time the federal case was filed.

### d. Maney's ability to litigate his requests in the state proceedings

Maney fails to meet his burden on the third prong of the *Younger* analysis—the ability to litigate the federal claims in the state proceedings. As noted above, Maney is currently litigating two of the claims raised in this case in the state proceedings and any argument that he cannot adequately litigate those claims in Oregon state court is rejected.

Maney also raises several additional constitutional claims in this case that he could have asserted in the state proceedings, but did not. Whether these federal claims were actually raised in the state proceedings, however, is not the question when determining a plaintiff's ability to litigate his or her federal claims in the state proceedings. "The third prong of the *Younger* analysis asks whether the plaintiff has *or had* an adequate or full and fair opportunity to raise his

PAGE 13 – OPINION AND ORDER

federal claims in the state proceedings. . . . *Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Utility Comm'n*, 196 F.3d 1011, 1019 (9th Cir. 1999) (emphasis added) (quotation marks and citations omitted); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) (noting that for purposes of *Younger* abstention, a federal plaintiff "need be accorded only an *opportunity* to fairly pursue his constitutional claims in the ongoing state proceedings." (emphasis added)). In other words, *Younger* abstention will apply to Maney's additional federal constitutional claims unless he can show that he was procedurally barred or otherwise did not have the opportunity to raise the additional claims in the state proceedings.

      Maney points to no procedural bar in Oregon that prevented him from raising all of his federal claims when he commenced the pending state proceedings, nor does he argue that he did not have the full and fair opportunity to raise his federal claims at that time. Any such argument would be without merit, because Oregon state courts have specifically litigated a variety of federal constitutional claims relating to decisions by the Board. *See, e.g.*, *Stogsdill v. Bd. of Parole and Post-Prison Supervision*, 342 Or. 332 (Or. 2007) (considering due process claim in challenge to Board's decision deferring parole release date); *Murphy v. Bd. of Parole and Post-Prison Supervision*, 241 Or.App. 177 (Or. Ct. App. 2011) (considering due process claims in challenge to Board's decision revoking parole).

      Additionally, "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. There is no "unambiguous authority" that Oregon state courts do not afford an adequate remedy for federal constitutional claims. To the contrary, Oregon courts regularly address federal

constitutional claims. Indeed, the record shows that Maney seeks the same remedy from the state courts for the constitutional claims that he raised in the state proceedings—his due process claims stemming from the Board's failure to appoint an independent psychologist and failure to disclose all of the submitted evidence—as Maney seeks from this Court for the additional constitutional claims he raises solely in this case; to wit, a Rehabilitation hearing using specific procedures requested by Maney. Thus, Maney could have raised his additional constitutional claims in the state proceedings and sought that same relief.

The Court finds that the state proceedings are adequately litigating the two federal constitutional claims that Maney raises in this case that he also raised in the state proceedings. The Court further finds that there was no procedural bar to Maney raising his additional federal constitutional claims in the state proceedings, he had a full and fair opportunity to pursue those claims even though he did not attempt to present them in the state-court proceedings, and Oregon state courts afford an adequate remedy for federal constitutional claims. *Pennzoil*, 481 U.S. at 15. Accordingly, Maney fails to meet his burden to show that he does or did not have the ability to litigate his federal claims in the state proceedings and the Court is constrained by *Younger* to dismiss Maney's claims without prejudice.

## CONCLUSION

Based on the *Younger* abstention doctrine, the Court abstains from exercising jurisdiction over this matter. Defendants' motion to dismiss (Dkt. 19) is GRANTED. This case is dismissed without prejudice.

**IT IS SO ORDERED**.

DATED this 30th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge