# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PAUL JULIAN MANEY**, | Case No. 6:13-cv-00981-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **KRISTIN A. WINGES-YANEZ**, et al., | |
| Defendants. | |

Paul Julian Maney, SID No. 4598952, Oregon State Correctional Institution, 3405 Deer Park Drive S.E., Salem, OR 97310. Plaintiff *pro se*.

Ellen F. Rosenblum, Attorney General, and Andrew Hallman, Assistant Attorney General, Department of Justice, 1162 Court Street N.E., Salem, OR 97301-4096. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Paul Julian Maney brought a civil action pursuant to 42 U.S.C. § 1983, challenging the policies and practices of the Oregon Board of Parole and Post-Prison Supervision ("Board") in conducting "Rehabilitation"[1] hearings to evaluate prisoners' eligibility for parole.

---

[1] Or. Rev. Stat. § 163.105 establishes that for prisoners convicted of aggravated murder, after they have served their minimum period of confinement the Board "shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time" and establishes procedures for this hearing. If the Board determines a prisoner is capable of

Maney participated in Rehabilitation hearings in 2007 and 2010; another hearing originally scheduled for 2013 was deferred pending resolution of this litigation. Maney sought declaratory and injunctive relief.

Maney had filed appeals in state court relating to his 2007 and 2010 hearings. At the time he filed his federal complaint, June 12, 2013, both cases, seeking declaratory and injunctive relief and raising federal constitutional claims, were pending in state court.

On July 30, 2014, this Court found that abstention under the *Younger* doctrine was appropriate and granted Defendants' motion to dismiss the federal action. Opinion and Order, Dkt. 39. On August 29, 2014, Maney filed a Motion for Relief from Judgment pursuant to Rule 60, which is currently before the court. Dkt. 41. For the reasons set forth below, the Court denies Maney's motion.

## STANDARDS

### A.  The Court's Review of *Pro Se* Filings

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). When dismissing the complaint of a *pro se* litigant, the litigant "must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*en banc*)).

---

rehabilitation, the prisoner's sentence is changed to life with the possibility of parole and the Board may set a release date. The Court shall refer to this type of hearing as a "Rehabilitation" hearing.

**B.  Motion for Reconsideration under Federal Rule of Civil Procedure 60**

Federal Rule of Civil Procedure 60(b) governs reconsideration of final orders of the district court. Rule 60(b) allows a district court to relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time and, in any event, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and quotation marks omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

## DISCUSSION

Maney moves for relief pursuant to Rules 60(a), (b)(1), and (b)(6). Maney argues that the Court made "significant errors of law and fact" that require reconsideration, to wit, failing to follow the holdings in two cases decided by higher courts, mistakenly stating that both of Maney's state court appeals were still pending, and dismissing the action without leave to amend.

Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission." In such cases, the remedy is to correct "blunders in execution" and to focus on "what the court *originally intended to do*." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (emphasis in original) (quotation marks omitted). This subsection is

inapplicable based on the grounds argued by Maney as supporting his motion for reconsideration.

Under Rule 60(b)(1), "mistake, inadvertence, surprise, or excusable neglect" provide grounds for relief. Under the "mistake" provision, a litigant "may seek relief . . . if the district court has made a substantive error of law or fact in its judgment or order." *Bretana v. Int'l Collection Corp.*, 2010 WL 1221925, at *1 (N.D. Cal. 2010); *see also Utah ex. Rel. Div. of Forestry v. United States*, 528 F.3d 712, 722-23 (10th Cir. 2008) ("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when 'a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) whe[n] the judge has made a substantive mistake of law or fact in the final judgment or order.'" (alteration in original) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir.1996))); *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 & n.5 (9th Cir. 1982) (holding that the district court had power under Rule 60(b)(1) to reopen a judgment on the basis of an error of law); *cf. Mendez v. Republic Bank*, 725 F.3d 651, 659-60 n.4 (7th Cir. 2013) (noting that all but two circuits to have addressed the issue conclude that Rule 60(b)(1) may appropriately be used to grant relief from legal errors by the court). Maney argues that the Court made substantive errors of law and fact and, thus, his motion is properly brought pursuant to Rule 60(b)(1).

Rule 60(b)(6), the catch-all provision, allows the court to reconsider for "any *other* reason that justifies relief." Rule 60(b)(6) (emphasis added). Having found that Maney's motion is properly brought under the more particular Rule 60(b)(1), it is not appropriate to consider his motion under the general catch-all provision. "It is established that clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other

than the five reasons preceding it under the rule." *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981); *see also Klapprott v. United States*, 335 U.S. 601, 614-15 (1949) ("In simple English, the language of the 'other reason' clause, for all reasons *except the five particularly specified*, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." (emphasis added)). Accordingly, Rule 60(b)(6) is inapplicable based on the grounds argued by Maney as supporting his motion for reconsideration.

The Court considers below whether it made the three substantive errors in law and fact as argued by Maney.

## A.  Whether the Court Improperly Ignored Binding Precedent

### 1.  *Sprint*

Maney contends that the Court ignored the Supreme Court's ruling in *Sprint Commc'ns, Inc. v. Jacobs*, --- U.S. ---, 134 S. Ct. 584 (2013). This argument is without merit.

*Sprint* confirmed the three categories of ongoing state cases under which a federal court may invoke *Younger* abstention, as defined by an earlier Supreme Court case, *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350 (1989). These categories are: (1) state criminal proceedings; (2) civil enforcement proceedings; and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 134 S. Ct. at 588 (quoting *New Orleans*, 491 U.S. at 367-68) (quotation marks omitted). Contrary to Maney's assertion that the Court ignored these three categories of state proceedings confirmed by *Sprint*, the Court set out these three categories in its Opinion and Order at 10, citing to *New Orleans*. Dkt. 39.

Maney's litigation over Board procedures used during his Rehabilitation hearing falls into either or both (1) the third category, as civil proceedings over state orders that bear directly

on the judicial function of sentencing offenders and enforcing orders of the state court,[2] or (2) the first category, as the continuation of ongoing state criminal proceedings.[3] The Court has previously held that similar constitutional challenges to Board decisions "fall[] within the carefully defined boundaries" of *Younger* abstention. *Sopher v. Washington*, 2008 WL 4793173, at *11 (D. Or. Oct. 30, 2008). The Ninth Circuit affirmed that decision, holding that "[t]he pending state-court action now provides plaintiff with an adequate opportunity to raise his due process claim." *Sopher v. Washington*, 370 F. App'x 846, 847 (9th Cir. 2010); *see also McClure v. Baker*, 2008 WL 268361 (D. Or. Jan. 29, 2008) (holding *Younger* abstention appropriate in constitutional challenge to Board procedures); *cf. Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995) ("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."). Thus, the Court did not improperly ignore *Sprint*.

### 2. *AmerisourceBergen*

Maney also argues that the Court failed to follow *AmerisourceBergen v. Roden*, 495 F.3d 1143 (9th Cir. 2007). In *AmerisourceBergen*, the United States Court of Appeals for the Ninth Circuit allowed concurrent legislation in state and federal court. The Ninth Circuit held that *Younger* abstention was not proper because the breach of contract action did not implicate

---

[2] *See, e.g.*, *Rushion v. Fuller*, 2013 WL 5406602, at * 4 (E.D.N.Y. Sept. 25, 2013) (finding that *Younger* abstention applies to a parole revocation hearing as a civil proceeding affecting state court orders).

[3] *See, e.g.*, *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits."); *Nelson v. Murphy*, 44 F.3d 497, 501 (7th Cir. 1995) (holding that cases pending in state court over treatment plans for those found not guilty by reason of insanity were "continuations of the original criminal prosecutions").

sufficiently important state interests and despite "potential conflict," the federal action would not interfere with state court proceedings. *Id.* at 1149-52. The interference with state proceedings does not need to be direct, but "*some* interference with state court proceedings is . . . necessary." *Id.* at 1149 n.9 (emphasis in original).

The *AmerisourceBergen* reasoning does not apply here. Maney's federal action implicates important state interests. *See Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 12-13 (1987) (noting that States "have important interests in administering certain aspects of their judicial systems," and that, in particular, states have an interest in "enforcing the orders and judgments of their courts"); *Strickland v. Wilson*, 399 F. App'x 391, 397 (10th Cir. 2010) (finding that "the enforcement of state criminal laws and completion of state criminal sentences" are important state interests); *Sopher*, 370 F. App'x at 847 (noting that the plaintiff did not contest that the suit alleging unconstitutional procedures by Oregon's parole board raised important state interests and further noting "nor could he").

Additionally, the Court expressly found that the federal action *would* interfere with the state proceedings. Dkt. 39 at 11-13 (citing *Sopher*, 2008 WL 4793173, at *11; *McClure*, 2008 WL 268361, at *1). Maney's argument misapplies the holding of *AmerisourceBergen* and is without merit.

**B.  The Status of Maney's State Court Appeals**

Maney argues that the resolution of one pending appeal in state court before this Court's dismissal of his federal case merits reconsideration of the applicability of *Younger* abstention. At the time he filed his federal case, Maney had two pending state cases: an appeal related to the Board's decision in his 2007 Rehabilitation hearing, which the Oregon Court of Appeals affirmed without opinion and for which Maney had filed a petition for review before the Oregon Supreme Court; and a separate appeal challenging the Board's 2010 decision. Maney's appeal of

the 2010 decision is still pending, but the Oregon Supreme Court denied his petition for review

of the earlier decision on February 13, 2014. *Maney v. Bd. Of Parole & Post-Prison Supervision*,

354 Or. 814 (2014).

    This Court's order on July 30, 2014 did not take notice of the Oregon Supreme Court's

denial of review, and stated that both appeals were "currently pending." That misstatement by

the Court, however, does not affect the Court's *Younger* analysis. First, the appeal of the 2010

decision was, and is, still before the Oregon Court of Appeals, and *Younger* abstention is

appropriate to avoid interference with that state proceeding. Second, even if state litigation has

terminated, "*Younger* abstention requires that the federal courts abstain when state court

proceedings were ongoing at the time the federal action was filed." *Beltran v. State of Cal.*, 871

F.2d 777, 782 (9th Cir. 1988) (stating that "[a]lthough the state court proceedings were

completed by the time the district court granted summary judgment, and an abstention order in

this case may result simply in the appellees refiling their federal complaint, this outcome is

required by *Younger*"); *see also Hoye v. Oakland*, 653 F.3d 835, 843 n.5 (9th Cir. 2011) ("That

the state court proceedings have now ended is not alone a sufficient reason that *Younger* does not

apply."); *M&A Gabaee v. Cmty. Redevelopment Agency of Los Angeles*, 419 F.3d 1036, 1042

(9th Cir. 2005) (noting that *Beltran* rejected "the proposition that abstention was unwarranted if

the state proceedings had terminated after the federal filing but before the federal decision

regarding abstention").

    In analyzing the timing of the cases (a factor required by *Younger*), the Court accurately

stated that "[t]he two state proceedings were filed well before this action and for purposes of

*Younger* abstention are considered ongoing at the time the federal case was filed." Dkt. 39 at 13.

The fact that one—or even both—of the state court proceedings may be terminated before the

Court's *order* invoking *Younger* abstention does not change the outcome of the Court's *Younger*

analysis. "Where *Younger* abstention is appropriate, a district court cannot refuse to abstain,

retain jurisdiction over the action, and render a decision on the merits after the state proceedings

have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action."

*Beltran*, 871 F.2d at 782 (emphasis in original).

Both of Maney's state appeals were "pending" for the purposes of *Younger* abstention.

The exhaustion of Maney's appeal in one of the two cases before the Court's dismissal does not

merit reconsideration.

**C.  Dismissal Without Leave to Amend**

Maney contends that dismissal without leave to amend was improper, arguing that he

could cure the deficiencies of his complaint to avoid *Younger* abstention, and that a request for

leave to amend is not required under *Lopez*, 203 F.3d at 1127. He urges the Court to follow

*Marcus v. Oregon*, which dismissed a *pro se* litigant's claim with leave to amend. *Marcus v.

Oregon*, 2012 WL 6618242 (D. Or. Dec. 12, 2012).

In *Lopez*, the complaint was dismissed for failure to state a claim, not under the *Younger*

abstention doctrine. 203 F.3d at 1127. In *Marcus*, which does not bind this Court, the complaint

was dismissed for lack of subject matter jurisdiction and only "[a]dditionally" found *Younger*

abstention appropriate. 2012 WL 6618242 at *2.

Where *Younger* abstention is appropriate, leave to amend is not appropriate. *See

Davidson v. City of Bellflower*, 31 F. App'x 487, 488 (9th Cir. 2002) (affirming district court and

explaining that "[e]ven if leave to amend had been granted, the amendment would have been

futile. *Younger* would still have required dismissal of all claims"). Even under the lenient

pleading standards afforded to *pro se* plaintiffs, dismissal without leave to amend, but without

prejudice, was proper. After the state proceedings are completed, Maney may choose to file a

federal action, although he will need to consider the doctrines of issue and claim preclusion.

## CONCLUSION

Maney's Motion for Relief from Judgment (Dkt. 41) under Federal Rule of Civil

Procedure 60 is DENIED.

**IT IS SO ORDERED**.

DATED this 8th day of October, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge